J-S05037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA JAMES GOYETTE JR. | : | |
| | : | |
| Appellant | : | No. 577 WDA 2023 |

Appeal from the PCRA Order Entered May 4, 2023
In the Court of Common Pleas of Butler County
Criminal Division at CP-10-CR-0001980-2005

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: March 12, 2024**

Joshua James Goyette Jr. (Appellant) appeals *pro se* from the order denying his sixth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the following case history:

[Appellant] was found guilty by a jury of attempted homicide, aggravated assault and criminal mischief in January of 2007. He was sentenced to serve a period of incarceration for not less than 240 months nor more than 480 months. [Appellant] then filed Post Sentence Motions, which were denied in June of 2007. The Pennsylvania Superior Court affirmed the conviction and the Pennsylvania Supreme Court denied a petition for allowance of appeal. [***Commonwealth v. Goyette***, No. 1353 WDA 2007 (Pa. Super. filed June 27, 2008) (unpublished memorandum), *appeal denied*, No. 341 WAL 2008 (Pa. Nov. 5, 2008).]

[Appellant] then proceeded to file five separate unsuccessful petitions under the [PCRA] from 2009 up through the Superior Court's ruling on October 17, 2022, affirming this [c]ourt's dismissal of [Appellant's] fifth PCRA [petition]. ***Commonwealth v. Goyette Jr.***, [No. 282 WDA 2022 (Pa. Super. filed Oct. 17,

2022) (unpublished memorandum)]. [Appellant] has now filed his sixth PCRA on December 5, 2022.

PCRA Court Opinion (PCO), 3/30/23, at 1.

On March 30, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. The PCRA court explained:

[Appellant] was given an opportunity to respond to the proposed dismissal and notified that his failure to respond timely would result in dismissal of his [p]etition. [Appellant] responded in a timely manner.

The [c]ourt reviewed [Appellant's] response in which he again refined his claims for relief. The [c]ourt still holds [that Appellant's] claims lack merit.

Order, 5/4/23 (single page).

Appellant timely filed a notice of appeal and court-ordered concise statement pursuant to Pa.R.A.P. 1925(b). We set forth Appellant's issues on appeal *verbatim*, apart from replacing Appellant's name:

A. Did the PCRA Court err where it denied [Appellant's] PCRA Petition of Newly Discovered Facts without an evidentiary hearing for what the Court cited as no merit? Violating COMMONWEALTH v. Burton. (SEE pg. 10)

B. Did the PCRA Court err where it denied [Appellant's] PCRA Petition of Newly Discovered Facts when it made clear bias and prejudice decisions in fabricating statements concerning [Appellant's] knowledge and strong disdain of Former Saxonburg Police Officer Eric Bergstrom? Then used said fabrications to claim no merit? (SEE pgs. 9-14)

C. Did the PCRA Court err where it denied [Appellant's] PCRA Petition of Newly Discovered Facts when it claimed [Appellant] did not meet the requirements set forth in 42 Pa C.S.A. 9545(b)(ii) of filing within in year of discovering said facts? (SEE pg. 8)

D. Did the PCRA Court err where it denied [Appellant's] PCRA Petition of Newly Discovered Facts when through the Court's own reason's for denying [Appellant's] petition, at minimum expposed

the Prosecuting District Attorney of committing a **Brady** Violation? (SEE pgs. 14, 15)

E. Did the PCRA Court err where it denied [Appellant's] PCRA Petition of Newly Discovered Facts when the court chose a minor supporting fact and made it the focal point for it's denial to claim no merit, while steering clear of the main argument of [Appellant's] petition? (SEE pg. 16)

F. Is it an error to leave an innocent man in prison, and outright dismiss the accounts of women who were sexually harassed and retaliated on by an Ex-Saxonburg Police Officer? Who through facts established by an investigation by the former Mayor of Saxonburg and through phone records was fired from his position. The one and the same man who showed up at the scene of the crime in question, (which was already secured by the State Troopers) names a suspect, leads Troopers to the location, then he himself just happens to find what appeared to be incriminating evidence as if he knew it was there the whole time? Evidence that the court claimed [Appellant] wore for several hours on an 88 degree day, whiledo extreaneous activities but yet left no DNA in/on said evidence? Then the former officer attempted to tamper with further evidence and the investigation by offering inside information of size and gender to disregard evidence that he deemed to not be [Appellant's].

Appellant's Brief at 2-3.

Our review is "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa. Super. 2019) (citation omitted).

In addition, it is "well-settled that, relative to PCRA petitions, questions of timeliness are jurisdictional in nature; therefore, courts must address these questions as threshold issues." *Commonwealth v. Smith*, No. 6 EAP 2023, 2024 WL 696237, at *6 (Pa. Feb. 21, 2024) (citation omitted).

> A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.[] § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.[] § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. *Commonwealth v. Wharton*, … 886 A.2d 1120, 1124 ([Pa.] 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

*Commonwealth v. Reeves*, 296 A.3d 1228, 1230–31 (Pa. Super. 2023).

Appellant's judgment of sentence "became final in 2009 following the conclusion of his direct appeal." *See Commonwealth v. Goyette Jr.*, *supra* at 3. Appellant concedes his petition is untimely, but asserts that he has satisfied the newly-discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii). *See* Appellant's Brief at 4. As the Pennsylvania Supreme Court recently stated:

> The PCRA … provides three exceptions to the one-year jurisdictional time-bar, the applicability of which a petitioner must plead and prove. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth v. Abu-Jamal*, 941 A.2d [1263,] 1268 [(Pa. 2008)] (providing that PCRA petitioner has "burden to allege and prove that one of the timeliness exceptions applies"). Relevant

here, … the "newly discovered facts" exception—set forth in Section 9545(b)(1)(ii) of the PCRA—requires a petitioner to show that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(i)-(ii). Additionally, the PCRA requires that "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

***Commonwealth v. Towles***, 300 A.3d 400, 415 (Pa. 2023)

Appellant filed his PCRA petition on November 29, 2022. He claims he discovered new facts during "the first week of December of 2021." Appellant's Brief at 4. According to Appellant, the new facts "reveal that [f]ormer Saxonburg Police Officer Eric Bergstrom was suspended and later fired . . . for a long list of actions unbecoming an [o]fficer[,] including trying to cover up a crime." ***Id.*** Appellant argues the PCRA court erred by denying relief "without an evidentiary hearing so that these facts can be brought properly before th[e] court as they are relevant to establish a *prima facie* case that evidence suspiciously found by a corrupt [police] officer is fruit of the poisonous tree and should never [have] been used against [Appellant] at trial, and to establish that [Appellant] is actually innocent." ***Id.*** at 9.

In response, the Commonwealth states:

[Appellant] bases his current claim on an allegation that a Saxonburg police officer involved in his case had been accused of sexual harassment and professional malfeasance and that [Appellant's] mother had been subject to sexual overtures by that officer when she was a Saxonburg volunteer firefighter. [Appellant] is apparently contending that this officer "framed" him as a means of retaliating against his mother for rebuffing the officer's advances. It is important to note that there is nothing whatsoever in the record to credibly support this allegation. Given that [Appellant's] mother has been integrally involved in his case

- 5 -

from the outset and has previously alleged multiple instances of police misconduct via affidavit in an unsuccessful attempt to gain her son PCRA relief, her credibility is highly suspect, to say the least.

Commonwealth's Brief at 8.

The PCRA court further observes:

The fact [Appellant] wishes to have the [c]ourt find to be newly discovered is the credibility of [O]fficer [Bergstrom,] who testified at the trial. [Appellant] in his PCRA [petition] states, "… while he [the officer] testified against me at trial, he himself was being investigated for a long list of actions unbecoming a police officer, including attempting to cover up a crime." [Appellant] then goes into a lengthy discussion of what he finds to be unbecoming of the officer.

**It is evident to the [c]ourt the newly discovered fact is not new whatsoever. [Appellant] has possessed a strong disdain and lack of trust towards the officer from the beginning**. [Appellant] knew of the officer's alleged misconduct all the way back at the commencement of the case when charges [were to] be filed. …

Found within [Appellant's] PCRA Ground #1, in addition to the credibility argument of the officer, is another argument on the lack of DNA testing of certain pieces of physical evidence. This line of argument has already been argued, appealed and affirmed by the Superior Court. ***See Commonwealth v. Goyette Jr.***, [No. 282 WDA 2022 (Pa. Super. filed Oct. 17, 2022) (unpublished memorandum)]. The Superior Court ruled the petition [Appellant] filed previously on DNA testing was untimely and the issues raised in it were waived for failure to be raised in the lower court. The Superior Court affirmed this [c]ourt's decision rendered by the now retired[] Hon. William Shaffer.

In his PCRA Ground #2, [Appellant] alleges all of his previously appointed PCRA counsel were ineffective for filing no merit letters. The Pennsylvania Supreme Court ruled in 2021 that a PCRA petitioner may, after a PCRA court denies relief, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). [Appellant] alleges this is the first opportunity to file under this Supreme Court case. [Appellant] is right in saying

this is his first PCRA [petition] filed after the ruling, but misinterprets the holding in the case.

This is not the first opportunity [Appellant] has had to raise claims of ineffectiveness by his PCRA counsel. ***See Commonwealth v. Coto***, 2022 WL 57488 (Pa. Super. 2022). [Appellant] has appealed most if not all of the dismissals of his previously filed PCRA[ petition]s when a no merit letter was filed. Each one of those appeals reached finality in favor of the PCRA court's decision. Further, the ***Bradley*** concurrence stressed that the decision in the case did "not create an exception to the PCRA's jurisdictional time-bar...." ***Bradley***[, 261 A.3d] at 406 (Dougherty, J., concurring). Finally, the decision in ***Bradley*** "does not sanction extra-statutory serial petitions." ***Id.*** at 403.

PCO at 4-5 (emphasis added).

The PCRA court's reasoning is factually and legally sound. Appellant's PCRA petition is untimely, and he failed to satisfy the newly-discovered facts exception to the statutory time-bar. Notably, this Court "has continually declined to extend the holding of ***Bradley*** to cases involving untimely PCRA petitions." ***Commonwealth v. Pridgen***, 305 A.3d 97, 102 (Pa. Super. 2023) (citation omitted). We discern no error in the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/12/2024